**Bledar VASO**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–4164.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 29, 2007.

Filed: Feb. 12, 2008.

Joseph C. Hohenstein, Orlow & Orlow, Philadelphia, PA, for Petitioner.

Alison M. Igoe, Ann C. Varnon, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, RENDELL and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner, Bledar Vaso, has filed a petition for review from the order of the

Board of Immigration Appeals ("BIA") denying his motion to reopen. The government has filed a motion for summary action. For the reasons that follow, we will summarily deny the petition for review in part and dismiss in part. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.

Only the BIA's October 22, 2007 decision, denying Petitioner's motion to reopen, is properly before this Court. *See Nocon v. I.N.S.*, 789 F.2d 1028, 1032–33 (3d Cir.1986) (explaining that final deportation orders and orders denying motions to reconsider are independently reviewable and a timely petition for review must be filed with respect to the specific order sought to be reviewed). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir.2006). Under the abuse of discretion standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). We will summarily deny a petition for review if the petition presents no substantial question. *See* I.O.P. 10.6.

We conclude that the BIA's decision denying Petitioner's motion to reopen as untimely is not arbitrary, irrational, or contrary to law. Petitioner concedes that his motion to reopen is time barred. He argues, however, that the BIA erred by failing to *sua sponte* reopen his proceedings in light of this Court's decision in *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005). We have specifically held that the BIA's failure to *sua sponte* reopen a decision is not reviewable. *Calle–Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir.2003).[1]

---

1. Petitioner's case is also distinguishable from *Cruz v. Attorney General of the United States*, 452 F.3d 240, 250 (3d Cir.2006), where we

questioned whether the BIA could, without explanation or reason, depart from a settled practice and refuse to reopen proceedings.

For the foregoing reasons, we will grant the government's motion for summary action and summarily deny Petitioner's petition for review to the extent that Petitioner challenges the BIA's decision denying Petitioner's motion to reopen as untimely. To the extent that Petitioner challenges the BIA's failure to *sua sponte* reopen his proceedings, we will dismiss his petition for review for lack of jurisdiction. *See Calle–Vujiles,* 320 F.3d 472.

Here, the BIA has not adopted, either explicitly or through practice, a policy of reopening

cases that challenge adjustment of status decisions pre-*Zheng.*